IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARYELLEN CLEARY** | : | CIVIL ACTION |
| 2902 State Road | : | |
| Bensalem, PA 19020 | : | |
| | : | |
| v. | : | |
| | : | |
| **DAVID MICHAEL & COMPANY** | : | |
| 10801 Decatur Road | : | |
| Philadelphia, PA 19154 | : | NO. 02-CV-4737 |

**AMENDED COMPLAINT**
**Jury Trial Demanded**

Plaintiff, Maryellen Cleary, by and through her counsel, Alan B. Epstein, Esquire, claims of the defendant, David Michael & Co. Corporation, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000) in damages, upon a cause of action whereof the following is a statement:

**INTRODUCTION**

1.  This action for declaratory, injunctive, monetary and other relief is brought by plaintiff, Maryellen Cleary, to redress intentional violations by defendant, David Michael & Company, of rights secured to her by the laws of the United States and the statutory and common law of the Commonwealth of Pennsylvania.

2.  This action arises under the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, and the statutory and common law of the Commonwealth of Pennsylvania.

FILED NOV 0 4 2002

1

**JURISDICTION**

3. Jurisdiction is invoked pursuant to 28 U.S.C § 1331 and 42 U.S.C. §12117, both of which provide for original jurisdiction of plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief.

4. Pursuant to Local Rule of Civil Procedure 5.1.1 of the United States District Court for the Eastern District of Pennsylvania, which prohibits the averment of specific monetary damages, plaintiff avers only that the amount in controversy exceeds the jurisdictional amount of One Hundred Fifty Thousand Dollars ($150,000) exclusive of interest and costs.

5. Plaintiff's state claims are before this Court pursuant to its supplemental jurisdiction as codified at 28 U.S.C. § 1367.

6. Plaintiff has exhausted all administrative remedies, having filed timely charges of employment discrimination based on retaliation and non-job related disability with the United States Equal Employment Opportunity Commission [EEOC Charge No. 170A11265] and with the Pennsylvania Human Relations Commission by dual-filing with that agency by the EEOC, pursuant to the Worksharing Agreement between the agencies, as required in the individual statutes. She has received a Notice of Right to Sue from the EEOC, and has taken all other action necessary to bring the present matter before this Court.

**VENUE**

7. All actions complained of herein took place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania at defendant's facility at 10801 Decatur Road, Philadelphia, Pennsylvania, and involve a defendant that resides within its jurisdictional limits.

8. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. §§ 1391(b) and 1391(c).

**PARTIES**

9. Plaintiff, Maryellen Cleary, is an American citizen who resides at 2902 State Road, Bensalem, PA 19020 and is a qualified individual with a disability as defined at 42 U.S.C. § 12111(8).

10. Defendant, David Michael & Company is a manufacturer of food flavorings and is located at 10801 Decatur Road, Philadelphia, PA 19154, where the actions described herein took place.

11. Defendant is engaged in an industry affecting interstate commerce and is an employer within the meaning of all applicable legislation cited herein.

**FACTUAL ALLEGATIONS**

12. Plaintiff began her employment with Defendant in 1987 as a Sample Librarian and, prior to her unlawful termination, worked there successfully and responsibly for thirteen (13) years.

13. On or about February 25, 2000, a large spill of benzaldehyde and dimethysulfid occurred at defendant's facility.

14. As a result of the chemical spill, plaintiff experienced a severe airway obstruction and required emergency medical attention.

15. After the February 25, 2000 incident, plaintiff was diagnosed as suffering from reactive airway disease, a permanent medical condition which significantly limits plaintiff's ability to engage in the major life function of breathing and a "disability" as defined in Section 3(2) of the ADA, 42 U.S. §12102(2), and Section 4(p) of the PHRA, 43 P.S. §954(p).

16. Plaintiff continued to experience adverse symptoms due to chemical exposure after her return to work in April, 2000.

17. Another chemical spill occurred on or about March 17, 2000, which caused a recurrence of the severe airway obstruction plaintiff suffered after the spill on February 25, 2000.

18. Effective March 19, 2000, Ms. Cleary was unable to work and was paid workers compensation benefits as a result of her exposure to chemicals in defendant's facility on February 25, 2000 and March 17, 2000, and she remained out of work and on workers compensation benefits until April 10, 2000, at which time she returned to work without limitations.

19. On or about September 19, 2000, an Aldehyde C-23 spill occurred, causing plaintiff to suffer extreme respiratory problems and hoarseness.

20. As a result of the September 19, 2000 exposure, plaintiff's physician required plaintiff to take a medical leave of absence beginning on October 4, 2000.

21. By letter dated December 15, 2000, plaintiff requested that defendant provide a reasonable accommodation which would allow her to return to work and perform all of her job duties.

22. Plaintiff's physician released her to return to work in December, 2000, with the accommodation that she be assigned to a location away from the manufacturing plant to limit her exposure to the substances which caused and exacerbated her disability.

23. Defendant never responded to plaintiff's December 15, 2000 request for a reasonable accommodation or to plaintiff's physician's request for a reasonable accommodation, never suggested any other reasonable accommodation, and never engaged plaintiff in an interactive process to determine if a reasonable accommodation could be provided.

24. Despite plaintiff's repeated requests for a reasonable accommodation and her informal complaints to the company about their refusal to provide a reasonable accommodation, defendant never proposed any reasonable accommodation and never permitted plaintiff to return to work.

25. On or about June 14, 2001, plaintiff filed a charge of disability discrimination with the EEOC, asking that the charge be cross filed with the PHRC.

26. On July 24, 2001, defendant had plaintiff submit to an independent medical examination, which confirmed plaintiff's physician's diagnosis that plaintiff suffered from the disability of reactive airway disease, as well as the need for the

reasonable accommodation that plaintiff be permitted to perform all or most of her job duties in an area away from the plant (for example, defendant's library).

27. The results of the independent medical examination was transcribed and transmitted to defendant on August 14, 2001.

28. By letter dated August 17, 2001, after receiving a copy of plaintiff's charge of discrimination and the results of the independent medical examination, defendant terminated plaintiff's employment.

29. The actions of defendant, constitute a continuing pattern and practice of improper and illegal harassment, discrimination and retaliation in violation of the laws of the United States and the statutes of Pennsylvania.

30. As a result of the deliberate, unlawful, retaliatory and malicious actions of defendant, based on plaintiff's non-job related disability and in retaliation for her request for reasonable accommodation and her filing of a charge of discrimination with the EEOC and the PHRC, plaintiff has suffered a loss of employment, benefits, earnings and earning potential.

31. As a direct result of the deliberate, unlawful, retaliatory and malicious actions of defendant, plaintiff has suffered emotional distress, humiliation, an exacerbation of the condition from which she suffers, the loss of self-esteem and a painful diminution of her ability to provide her family with the earned rewards of excellence in her chosen profession.

## COUNT I

### Defendant's Violation of the Americans With Disabilities Act, Disabilities Act of 1990 [42 U.S.C. §§ 12111-12117]

32. Plaintiff repeats and realleges paragraphs 1 through 31 above as though fully set forth herein.

33. Plaintiff, Maryellen Cleary, is, and was at all times relevant hereto, a qualified individual with a disability as defined at 42 U.S.C. § 12111(8), in that she suffers from a permanent physical disability, reactive airway disease, and could have, with minimal reasonable accommodation, performed the essential functions of the position that she performed with excellence until she developed that disability and defendant wilfully and maliciously refused to provide any reasonable accommodation which would allow her to continue her employment.

34. Defendant violated the Americans With Disabilities Act as evidenced by, *inter alia*:

    a. its repeated refusal to provide the reasonable accommodation requested by plaintiff, her physician and the physician who conducted the independent medical examination;

    b. its refusal to engage in any interactive process regarding a reasonable accommodation which would allow her to perform the essential functions of her job; and

    c. its termination of her employment because of her disability and because she requested a reasonable accommodation.

## COUNT II

### Defendant's Violation of the Americans With Disabilities Act of 1990 [42 U.S.C. §12203][retaliation]

35. Plaintiff repeats and realleges paragraphs 1 through 34 above as though fully set forth herein.

36. Defendant violated the anti-retaliation provision of the Americans With Disabilities Act, after plaintiff requested a reasonable accommodation, complained informally to defendant about its refusal to grant a reasonable accommodation, and filed a charge of discrimination with the EEOC and PHRC, as evidenced by, *inter alia,* its termination of her employment.

## COUNT III

### Defendants Violated the Pennsylvania Human Relations Act 43 P.S.§955(a) and (d) [handicap discrimination and retaliation]

37. Plaintiff repeats and realleges paragraphs 1 through 37 above as though fully set forth herein.

38. Defendant violated the provisions of the Pennsylvania Human Relations Act, 43 P.S. §955(a), in that they discriminated against plaintiff because of her non-job related handicap or disability and retaliated against her after she requested a reasonable accommodation, complained informally to defendant about its refusal to grant a reasonable accommodation, and filed a charge of discrimination with the EEOC and PHRC as evidenced by, *inter alia*:

        a.     its repeated refusal to provide the reasonable accommodation requested by plaintiff, her physician and the physician who conducted the independent medical examination;

        b.     its refusal to engage in any interactive process regarding a reasonable accommodation which would allow her to perform the essential functions of her job; and

        c.     its termination of her employment because of her disability, because she requested a reasonable accommodation, because she informally complained to defendant about its failure to grant her a reasonable accommodation and because she filed a charge of discrimination with the EEOC and PHRC.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court:

(a) Enter a declaratory judgment that defendant's acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of plaintiff as secured to her by federal and state legislative enactments;

(b) Require defendant to return plaintiff to her position and to restore to plaintiff full wages and benefits commensurate to that position;

(c) Award to plaintiff general compensatory and consequential damages including damages for lost income, growth opportunities, and all benefits lost due to the actions of defendant;

(d) Award to plaintiff damages in compensation for humiliation, emotional distress, loss of employment and employability, loss of reputation and status in the

community of her peers, a loss of life's pleasures, and the loss of her ability to provide herself and her family with the rewards of her years of hard work in her chosen occupation;

(e) Award to plaintiff punitive damages in an amount appropriate under the circumstances;

(f) Grant to plaintiff compensation for pain and suffering and other damages in accordance with the appropriate state and federal enactments in an amount appropriate under the circumstances;

(g) Grant to plaintiff costs, disbursements and reasonable attorneys' fees;

(h) Grant to plaintiff prejudgment interest; and

(i) Grant to plaintiff such additional relief as the Court deems just and proper under the circumstances.

_____
Alan B. Epstein, Esquire
Nancy Abrams, Esquire

SPECTOR, GADON & ROSEN
  A Professional Corporation
1635 Market Street, Seventh Floor
Seven Penn Center
Philadelphia, PA  19103
(215) 241-8888

Attorney for Plaintiff, Maryellen Cleary

Dated:  November 4, 2002