IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MARYELLEN CLEARY,                    :
                                     :
                      Plaintiff,     :
                                     :
             v.                      :        Civil Action No. 02CV4737
                                     :
DAVID MICHAEL & COMPANY,             :
                                     :
                      Defendant.     :

ANSWER TO AMENDED COMPLAINT


        Defendant David Michael & Company, Inc. ("defendant" or "DM") hereby answers the Amended Complaint as follows:

        1.      Defendant admits only that plaintiff purports to bring claims under the Americans With Disabilities Act of 1990 ("ADA") and the Pennsylvania Human Relations Act ("PHRA").  Defendant denies that it has violated either law and otherwise denies the allegations of paragraph 1.

        2.      Defendant admits only that plaintiff purports to bring claims under the ADA and the PHRA.  Defendant denies that it has violated either law and otherwise denies the allegations of paragraph 2.

        3.      The allegations of paragraph 3 state legal conclusions to which no response is required.

        4.      Defendant admits only that plaintiff purports to claim an amount in controversy in excess of $150,000 exclusive of interest and costs.  Defendant denies that plaintiff is entitled to any damages and otherwise denies the allegations of paragraph 4.

5.     The allegations of paragraph 5 state legal conclusions to which no response is required.

6.     Defendant admits only that plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") that was charge number 170A11265, and that a Notice of Right to Sue was issued by the EEOC to plaintiff.  Defendant denies the remaining allegations of paragraph 6.

7.     Admitted.  Defendant notes that it denies many of plaintiff's factual allegations and denies that it violated the ADA or the PHRA.

8.     The allegations of paragraph 8 state legal conclusions to which no response is required.

9.     Defendant admits only that plaintiff is an American citizen whose last-known address is 2902 State Road, Bensalem, PA 19020.  Defendant denies the remaining allegations of paragraph 9.

10.     Defendant admits only that it is a manufacturer of food flavorings with a place of business at 10801 Decatur Road, Philadelphia, PA.  Defendant denies that any unlawful actions took place involving plaintiff and therefore denies the remaining allegations of paragraph 10.

11.     The allegations of paragraph 11 state legal conclusions to which no response is required.

12.     Defendant admits only that plaintiff began her employment with defendant in 1987 as a part-time lab technician.  Defendant denies the remaining allegations of paragraph 12.

-2-

13.    Defendant admits only that a spill of dimethysulfide occurred at its facility in or about February 2000. Defendant denies the remaining allegations of paragraph 13.

14.    Denied.

15.    Defendant admits only that at some point after February 25, 2000, plaintiff claimed to suffer from reactive airway disease. Defendant denies the remaining allegations of paragraph 15.

16.    Defendant admits only that plaintiff returned to work in or about April 2000. The remaining allegations of paragraph 16 are denied.

17.    Denied.

18.    Defendant admits only that from approximately March 19, 2000 to April 10, 2000, plaintiff received workers' compensation benefits and did not report to work, and that on April 10, 2000, plaintiff returned to work without limitations. The remaining allegations of paragraph 18 are denied.

19.    Defendant admits only that on or about September 19, 2000, a bottle of Aldehyde C-12 broke. Defendant denies the remaining allegations of paragraph 19.

20.    Defendant admits only that plaintiff took a leave of absence commencing October 4, 2000. The remaining allegations of paragraph 20 are denied.

21.    Denied.

22.    Defendant admits only that in December 2000, plaintiff dropped off a note at defendant's facility, which note speaks for itself. The remaining allegations of paragraph 22 are denied.

23.    Denied.

-3-

24.    Denied.

25.    Defendant admits only that on or about June 14, 2001, plaintiff filed a charge of disability discrimination with the EEOC.  Defendant denies the remaining allegations of paragraph 25.

26.    Defendant admits only that in the context of plaintiff's worker's compensation claim, plaintiff had an independent medical examination, and that the physician concluded that plaintiff suffered from reactive airway disease.  The remaining allegations of paragraph 26 are denied.

27.    Defendant admits only that the independent medical examination report indicates that it was transcribed on August 14, 2001.  The remaining allegations of paragraph 27 are denied.

28.    Defendant admits only that plaintiff's employment was terminated on August 17, 2001.  The remaining allegations of paragraph 28 are denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    Defendant incorporates herein its answers to paragraphs 1-31 above.

33.    Denied.

34(a)-(c).  Denied.

35.    Defendant incorporates herein its answers to paragraphs 1-34 above.

36.    Denied.

37.    Defendant incorporates herein its answers to paragraphs 1-36 above.

38.    Denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part by failure to exhaust required statutory and/or administrative procedures, remedies, and/or requirements.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to a jury trial for her claims under the PHRA.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages for her claims under the PHRA.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff does not have a disability as defined by the ADA or PHRA.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a disability under the ADA or the PHRA.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a failure to present a reasonable accommodation for plaintiff's alleged disability and/or by the absence of a reasonable accommodation available for plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of undue hardship.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that her continued employment would have posed a significant risk to her health or safety.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrine of after-acquired evidence.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant acted at all times lawfully, and plaintiff's employment was terminated for legitimate, non-discriminatory and non-retaliatory reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the exclusivity provisions of the Pennsylvania Workers' Compensation Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of estoppel, waiver, and/or unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the existence of defendant's non-discrimination policies and procedures that establish that defendant exercised reasonable care to prevent and correct any discriminatory or retaliatory treatment. Plaintiff unreasonably failed to take advantage of these preventive and corrective opportunities or to avoid harm otherwise.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not be entitled to some or all of the relief requested as a matter of law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages may be barred by a failure to mitigate.

Defendant preserves herein the right to assert additional affirmative defenses to the extent warranted by its additional investigation of the claims in this case and/or by the course of discovery.

WHEREFORE, defendant requests that the Court dismiss the Amended Complaint with prejudice and award defendant reasonable attorneys' fees, costs and other relief deemed appropriate by the Court.

Respectfully submitted,


 /s/ *Raymond A. Kresge*
RAYMOND A. KRESGE
JILL GARFINKLE WEITZ
Klett Rooney Lieber & Schorling
Two Logan Square, 12th Floor
18th & Arch Streets
Philadelphia, PA 19103-2756
(215) 567-7500

Attorneys for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 17th day of January 2003, I caused to be served a true and correct copy of the foregoing Answer to Amended Complaint by first-class mail postage prepaid upon plaintiff's counsel:

Nancy Abrams, Esquire
Spector, Gadon & Rosen
1635 Market Street, 7th Floor
Seven Penn Center
Philadelphia, PA 19103

*/s/ Raymond A. Kresge*
RAYMOND A. KRESGE